UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MARIO PALACIO,
    Plaintiff,

v.

MENDOCINO COUNTY SHERIFF'S DEPARTMENT, et al.,
    Defendants.

Case No. 15-cv-00393-DMR (PR)

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

## INTRODUCTION

Plaintiff, who is currently housed at the Mendocino County Jail ("MCJ"), filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to magistrate judge jurisdiction, and this matter has been assigned to the undersigned Magistrate Judge. Dkt. 1 at 4.

He has also filed a motion for leave to proceed *in forma pauperis* ("IFP"), which will be granted in a separate written Order.

Venue is proper because the events giving rise to the claims are alleged to have occurred at MCJ, which is located in this judicial district. *See* 28 U.S.C. § 1391(b).

For the reasons outlined below, the complaint is DISMISSED WITH LEAVE TO AMEND.

## DISCUSSION

### I. STANDARD OF REVIEW

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §1915A(b)(1),(2).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. Pro. 8(a)(2). "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations and internal quotation marks omitted). Although in order to state a claim, a complaint

> does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . . Factual allegations must be enough to raise a right to relief above the speculative level.

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and internal quotation marks omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

Liability may be imposed on an individual defendant under § 1983 if the plaintiff can show that the defendant proximately caused the deprivation of a federally protected right. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988); *Harris v. City of Roseburg*, 664 F.2d 1121, 1125 (9th Cir. 1981). A person deprives another of a constitutional right within the meaning of § 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. *See Leer*, 844 F.2d at 633. The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation. *See id.* Sweeping conclusory allegations will not suffice; the plaintiff must instead "set forth specific facts as to each individual defendant's" deprivation of protected rights. *Id.* at 634.

## II.   LEGAL CLAIMS

The court notes that Plaintiff's handwriting is a bit difficult to understand. From what the

court could decipher from the complaint, Plaintiff alleges that Defendants Mendocino County Sheriff's Department and MCJ Correctional Officer Jack Woida violated his constitutional rights. Specifically, Plaintiff claims that on December 9 and 14, 2014, Defendant Woida conducted two separate pat down searches on him. During these searches, Defendant Woida allegedly sexually harassed Plaintiff when he "cupped [Plaintiff's] balls inappropriately" on December 9, and then "touch[ed] the tip of [Plaintiff's] dick" with his left hand while putting his right hand on the "inside of the bottom of [Plaintiff's] ass cheek" on December 14. Dkt. 1 at 5-6. Plaintiff seeks punitive and monetary damages. *Id.* at 3.

Liberally construed, Plaintiff seems to be asserting federal claims for violations of his Eighth Amendment right to be free from the infliction of cruel and unusual punishment and his Fourth Amendment right to be free from an unlawful search.

### A. Eighth Amendment Claim

Sexual assault, coercion and harassment certainly may violate contemporary standards of decency and cause physical and psychological harm. *See Jordan v. Gardner*, 986 F.2d 1521, 1525-31 (9th Cir. 1993) (en banc). However, not every malevolent touch by a prison guard or official gives rise to an Eighth Amendment violation—the Eighth Amendment's prohibition against cruel and unusual punishment necessarily excludes from constitutional recognition *de minimis* uses of force. *See Hudson v. McMillian*, 503 U.S. 1, 9-10 (1992); *Watison v. Carter*, 668 F.3d 1108, 1112-14 (9th Cir. 2012) (no Eighth Amendment violation against officer who was alleged to have rubbed his thigh against plaintiff's thigh while plaintiff was on toilet and to have begun smiling before leaving cell laughing); *Berryhill v. Schriro*, 137 F.3d 1073, 1076 (8th Cir. 1998) (no Eighth Amendment violation where employees briefly touched inmate's buttocks with apparent intent to embarrass him). A prisoner therefore must establish that the alleged sexual harassment was egregious, pervasive and/or widespread in order to state a claim under the Eighth Amendment. *See, e.g.*, *Jordan*, 986 F.2d at 1525-31 (prison policy requiring male guards to conduct body searches on female prisoners); *Watson v. Jones*, 980 F.2d 1165, 1165-66 (8th Cir. 1992) (correctional officer sexually harassed two inmates on almost daily basis for two months by conducting deliberate examination of genitalia and anus).

3

1    Here, the conduct alleged by Plaintiff does not rise to the level of an Eighth Amendment
2 violation.  According to Plaintiff, Defendant Woida "inappropriately" handled Plaintiff's penis,
3 genitals and buttocks on two separate occasions.  Plaintiff has not indicated that there was any
4 more than a *de minimis* injury resulting from these two isolated brief incidents.  Accordingly,
5 Plaintiff's Eighth Amendment claim against Defendant Woida is DISMISSED with leave to
6 amend.  If Plaintiff can in good faith allege facts to cure this pleading deficiency he may do so in
7 an amended complaint.

### B.    Fourth Amendment Claim

The Fourth Amendment applies to the invasion of bodily privacy in prisons and jails.  *Bull v. City & Cnty. of San Francisco*, 595 F.3d 964, 974-75 (9th Cir. 2010) (en banc).  To analyze a claim alleging a violation of this privacy right, the court must apply the test set forth in *Turner v. Safley*, 482 U.S. 78, 89 (1987), and determine whether a particular invasion of bodily privacy was reasonably related to legitimate penological interests.  *See Bull*, 595 F.3d at 973.  Prisoners and pretrial detainees in institutional settings may be subjected to strip searches and body cavity searches if they are conducted in a reasonable manner.  *See Bell v. Wolfish*, 441 U.S. 520, 561 (1979).  The Fourth Amendment right to be secure against unreasonable searches extends to incarcerated prisoners, but the reasonableness of a particular search must be determined by reference to the prison context.  *See Michenfelder v. Sumner*, 860 F.2d 328, 332 (9th Cir. 1988).

Here, the searches at issue involved two pat down searches at a jail.  However, Plaintiff does not claim that the searches by Defendant Woida were unreasonable or conducted in an abusive manner.  Plaintiff alleges that during both searches, Defendant Woida "inappropriately" handled Plaintiff's penis, genitals and buttocks; however, such conclusory allegations do not amount to a constitutional violation.  Further, the record shows that the pat down searches were conducted after certain kitchen items were missing, i.e., a spoon and a tray.  Dkt. 1 at 5-6.

As noted above, the court must consider the reasonableness of the search under *Bell* to determine if the search was reasonably related to legitimate penological interests under *Turner*.  The prisoner bears the burden of showing that prison officials intentionally used exaggerated or excessive means to enforce security in conducting a search.  *See Thompson v. Souza*, 111 F.3d

4

694, 700 (9th Cir. 1997). Routine pat down searches which include the groin area, even when performed by guards of the opposite sex, do not violate a prisoner's constitutional rights. *Grummett v. Rushen*, 779 F.2d 491, 495 (9th Cir. 1985). Courts must defer to the adoption and execution of policies and practices by prison administrators to further legitimate penological goals, such as security. *Id.* at 493. The court finds that Defendant Woida's pat down searches—after certain kitchen items were missing—were reasonably related to the legitimate penological need for ensuring security. Therefore, there is no evidence that the pat down searches conducted here violated Plaintiff's Fourth Amendment rights, and his Fourth Amendment claim is DISMISSED with leave to amend. Again, if Plaintiff can in good faith allege facts to cure this pleading deficiency he may do so in an amended complaint.

### C. Municipal Liability Claim

Finally, if Plaintiff had meant to allege a municipal liability claim against Defendant Mendocino County Sheriff's Department, he has not alleged such grounds for municipal liability based on any theory other than that of respondeat superior. This is not a sufficient ground for municipal liability. *See Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691 (1978) (local governments cannot be liable under § 1983 under respondeat superior theory). Accordingly, Plaintiff's municipal liability claim against Defendant Mendocino County Sheriff's Department is DISMISSED with leave to amend. If Plaintiff can in good faith assert facts which state constitutionally cognizable claims for relief against this municipal Defendant, he may include them in his amended complaint.

Accordingly, Plaintiff will be given leave to file an amended complaint that cures the above defects in the complaint. Because the court found Plaintiff's handwriting difficult to decipher, Plaintiff shall either type or neatly print his allegations in the amended complaint.

## CONCLUSION

For the foregoing reasons, the court orders as follows:

1. The complaint is DISMISSED with leave to amend. Within **twenty-eight (28) days** from the date of this Order, Plaintiff shall file an amended complaint correcting the deficiencies of his claims as set forth above. Plaintiff must use the attached civil rights form, write

5

the case number for this action—Case No. C 15-0393 DMR (PR)—on the form, clearly label it "Amended Complaint," and complete all sections of the form.  Because this amended complaint completely replaces the original complaint, Plaintiff must include in it all the claims he wishes to present.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.), *cert. denied*, 506 U.S. 915 (1992).  He may not incorporate material from the original complaint by reference.  He must also specify whether he exhausted or was prevented from exhausting his administrative remedies with respect to any or all of those claims before filing this action.  As mentioned above, Plaintiff shall either type or neatly print his allegations in the amended complaint.  Plaintiff's failure to file an amended complaint by the twenty-eight day deadline will result in the dismissal of this action without prejudice.

2. It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion.  Pursuant to Northern District Local Rule 3-11 a party proceeding *pro se* whose address changes while an action is pending must promptly file a notice of change of address specifying the new address.  *See* L.R. 3-11(a).  The court may dismiss without prejudice a complaint when: (1) mail directed to the *pro se* party by the court has been returned to the court as not deliverable, and (2) the court fails to receive within sixty days of this return a written communication from the *pro se* party indicating a current address.  *See* L.R. 3-11(b).

3. Extensions of time are not favored, though reasonable extensions will be granted.  Any motion for an extension of time must be filed no later than **fourteen (14) days** prior to the deadline sought to be extended.

4. The Clerk of the Court shall send Plaintiff a blank civil rights form along with a copy of this Order.

IT IS SO ORDERED.

Dated:   April 22, 2015

_____
DONNA M. RYU
United States Magistrate Judge